[L. A. No. 11136. In Bank.—July 31, 1929.]

LOS ANGELES COUNTY FLOOD CONTROL DISTRICT (a Body Corporate and Politic), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; CITY OF PASADENA (a Municipal Corporation), Intervener.

Everett W. Mattoon, County Counsel, Roy W. Dowds, Flood Control Counsel, and W. Sumner Holbrook, Jr., Deputy County Counsel, for Petitioner.

R. C. McAllaster, City Attorney of Pasadena, and Harold P. Huls, Deputy City Attorney, for Respondents and Intervener.

Jess E. Stephens, City Attorney of Los Angeles, Alan Patten, Deputy City Attorney of Los Angeles, W. Turney Fox, City Attorney of Glendale, Aubrey N. Irwin, Deputy City Attorney of Glendale, Chester L. Coffin, City Attorney of Santa Monica, Nowland M. Reid, City Attorney of Long Beach, and Beach Vasey, Deputy City Attorney of Long Beach, *Amici Curiae* in Support of Respondents and Intervener.

CURTIS, J.—This case was argued and submitted for decision with the case of *City of Inglewood* v. *County of Los Angeles* (L. A. No. 10903), *ante*, p. 697 [280 Pac. 360]. That action involved the validity of certain assessments levied by the board of supervisors of the county of Los Angeles, acting for the Los Angeles County Flood Control District, the Los Angeles County Sanitation District No. 5 and the Los Angeles County Drainage Improvement District No. 8, upon property which was held in private ownership at the time of the creation and organization of said districts, but which had thereafter been acquired by the City of Inglewood and by it devoted to public use, and which was so held and used by said city at the time of the levy of said assessments. In our decision in said action we held that there was no authority for the levy of any of said assessments and that the same were

invalid and void. A similar assessment was levied by said board of supervisors of the county of Los Angeles, acting for and on behalf of the Los Angeles County Flood Control District, against public property of the City of Pasadena which, at the time of the creation of said Flood Control District, was held in private ownership, but which subsequently thereto had been acquired by said City of Pasadena and by it devoted to public use. The City of Pasadena refused to pay said assessment, and W. O. Welch, the county tax collector (who was also tax collector of said district), advertised said property of the City of Pasadena for sale for said delinquent assessments. Prior to the date of holding said sale, however, the City of Pasadena brought an action in the Superior Court of the county of Los Angeles, in which it asked, among other things, for an injunction restraining W. O. Welch, the said tax collector, from selling said property. A temporary restraining order was issued as prayed for by said Superior Court, and the defendant in said action, the said W. O. Welch, as such tax collector, appeared in said action and filed a demurrer to the complaint therein and also a motion to dissolve said restraining order. Said demurrer was overruled and said motion was denied. Thereupon the Los Angeles County Flood Control District instituted this proceeding in the District Court, Second District, Second Division, against said Superior Court and two of the judges thereof, to prohibit said Superior Court from "taking any further proceedings against or making any other orders affecting the petitioner herein in said action, other than to dissolve the restraining order previously issued therein." The City of Pasadena asked leave to file a petition in intervention in this proceeding on the ground that it was the real party in interest in opposing the petition for prohibition. Leave to intervene was granted to said city by said District Court of Appeal. The matter came on for hearing before said court, and after argument of counsel both oral and by written briefs, said court rendered its decision denying said writ of prohibition. Upon the petition of the Los Angeles County Flood Control District, said cause was transferred for decision to this court.

It is the contention of the City of Pasadena that property owned by it and devoted to and actually used by it for

public purposes is exempt from all and every kind of assessments levied under the provisions of the Los Angeles County Flood Control Act. The position of the Los Angeles County Flood Control District is that only such municipally owned and used property which was such at the date of the formation of said district is exempt from said assessments. This question, as we have already noted, was decided by this court in the opinion in the case of *City of Inglewood* v. *County of Los Angeles.* Said decision was adverse to the contention now made by the Los Angeles County Flood Control District. The decision of that question in said action is controlling in this proceeding.

The Los Angeles Flood Control District makes the further contention that the Superior Court of the county of Los Angeles had no jurisdiction to entertain the proceeding brought by the City of Pasadena against the county tax collector to restrain the latter from selling said property of the City of Pasadena for said delinquent assessments.

While the City of Pasadena in the action instituted by it against W. O. Welch, tax collector, asked for an injunction restraining said tax collector from selling its said real property for said delinquent assessments, it also sought by said action to quiet its title to said real property against said invalid assessment liens. That action was similar in this respect to the action of *Las Animas etc. Land Co.* v. *Preciado,* 167 Cal. 580 [140 Pac. 239]. In the action instituted by the Las Animas Company the prayer of the complaint was as follows: "Wherefore plaintiff prays that the said taxes, and both thereof, be declared not to be a lien or charge upon the said property, or upon any part thereof; that said defendants be enjoined, and restrained from . . . advertising the said property for sale, or selling the same for nonpayment of said tax," etc. In the action instituted by the City of Pasadena against the said W. O. Welch, tax collector, the prayer of the complaint is in part as follows: "Wherefore, plaintiff prays judgment that said purported taxes and/or assessments be declared null and void and not a lien upon said property and that defendant be permanently enjoined and restrained from selling said property to said state of California for nonpayment of said taxes and/or assessments." In *Las Animas etc. Land Co.* v. *Preciado, supra,* this court said: "There is thus left for

consideration the single proposition as to the availability to respondent of the remedy which it has sought, and herein it is argued that under the authority of such cases as *Savings & Loan Society* v. *Austin*, 46 Cal. 415, *Houghton* v. *Austin*, 47 Cal. 647, and especially the case of *Crocker* v. *Scott*, 149 Cal. 575 [87 Pac. 102], the remedy by injunction is not available to respondent. It might be a sufficient answer to this to say that, irrespective of the injunctional relief sought and awarded, plaintiff had the unquestioned right under section 738 of the Code of Civil Procedure to have determined these conflicting lien claims asserted to affect its property, and that this being done, the fact that an injunction was also asked would be immaterial to the cause of action specifically pleaded." The court then went on to show that the plaintiff in that action was entitled not only to quiet its title against the asserted liens for said taxes, but was also entitled to the injunctive relief prayed for. It is not material in the present proceeding to decide whether or not the City of Pasadena was entitled to an injunction in the action instituted by it against the tax collector of said Flood Control District. The present proceeding against the Superior Court of the County of Los Angeles can only be maintained by showing that said court had no jurisdiction of the subject matter of said action instituted therein by said City of Pasadena. That it had jurisdiction to hear and determine the validity of the asserted liens against the real property of the City of Pasadena for said assessments, we think, is not questioned. If it is questioned, the case of *Las Animas etc. Land Co.* v. *Preciado, supra,* is decisive of the matter. This, we think, disposes of the jurisdictional question presented herein.

The writ is denied.

Waste, C. J., Seawell, J., Shenk, J., Langdon, J., and Richards, J., concurred.